# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:23-CV-00283

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **VERIFIED COMPLAINT FOR** |
| ) | **FORFEITURE *IN REM*** |
| ONE SCCY CPX-1 PISTOL seized from ) | |
| Kenneth Garrison on or about May 10, ) | |
| 2023, in Henderson County, North ) | |
| Carolina, ) | |
| ) | |
| ONE BERETTA PX4 STORM PISTOL ) | |
| seized from Kenneth Garrison on or ) | |
| about May 10, 2023, in Henderson ) | |
| County, North Carolina, ) | |
| ) | |
| ONE FN PS90 RIFLE seized from ) | |
| Kenneth Garrison on or about May 10, ) | |
| 2023, in Henderson County, North ) | |
| Carolina, ) | |
| ) | |
| and ) | |
| ) | |
| 460 ROUNDS OF ASSORTED ) | |
| AMMUNITION seized on or about May ) | |
| 10, 2023, in Henderson County, North ) | |
| Carolina, ) | |
| ) | |
| Defendants. ) | |

NOW COMES the United States of America, Plaintiff herein, by and through Dena J. King, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

## NATURE OF ACTION

1. This is a civil action *in rem* against one SCCY CPX-1 9mm pistol (bearing serial number 100420), one Beretta PX4 Storm 9mm pistol (bearing serial number PX419051PB), one FN Herstal PS90 5.7x28 mm rifle (bearing serial number FN114064), and 460 rounds of assorted ammunition (collectively, "the Defendant Firearms and Ammunition") seized from Kenneth Garrison on or about May 10, 2023, in Henderson County, North Carolina.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Firearms and Ammunition, and venue is proper pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in the Western District of North Carolina.

4. Venue is also proper pursuant to 28 U.S.C. § 1395 because the Defendant Firearms and Ammunition are located in the Western District of North Carolina.

5. The Defendant Firearms and Ammunition were seized within and are now within the Western District of North Carolina.

## BASES FOR FORFEITURE

6. As described below, there are at least two separate bases that support forfeiture of the Defendant Firearms and Ammunition.

7. This civil action is brought against the Defendant Firearms and Ammunition because they were possessed by a person who has been adjudicated as a mental defective or who has been committed to a mental institution, a violation of 18 U.S.C. § 922(g)(4), and therefore is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

8. Second, the Defendant Firearms and Ammunition were possessed by a person who is an unlawful user of or addicted to a controlled substance, a violation of 18 U.S.C. § 922(g)(3), and therefore is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

# FACTS

9. On May 9, 2023, Kenneth Garrison purchased a Palmetto State Armory model PA-15 receiver and a Smith and Wesson model M&P 57 5.7x28mm pistol from P&A Pawn and Gun ("P&A") in Hendersonville, North Carolina.

10. When Mr. Garrison made the purchase, he completed an ATF Form 4473.

11. P&A entered Mr. Garrison's information into the National Instant Criminal Background Check System ("NICS").

12. Shortly after Mr. Garrison left the pawn shop, Special Agent Kevin Allred with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") received a phone call from P&A, which advised that NICS indicated that Mr. Garrison had been denied, even though P&A believed that NICS had originally indicated that Mr. Garrison could proceed with the purchase of the firearms.

13. ATF Special Agent Allred contacted NICS, which confirmed that the firearms transaction was denied because Mr. Garrison had previously been adjudicated as a mental defective.

14. Mr. Garrison was adjudicated as a mental defective on November 16, 2007, and again on November 29, 2016.

15. On the ATF Form 4473 that Mr. Garrison filled out, he answered "no" to the question asking him whether he had ever been adjudicated as a mental defective or been committed to a mental institution.

16. ATF Special Agent Allred conducted additional research and learned that Mr. Garrison also had two previous NICS denials, one in 2007, and another in 2014.

17. On May 10, 2023, three ATF agents and a Henderson County Sheriff's Deputy went to Mr. Garrison's apartment to inquire about the firearms.

18. ATF Special Agent Allred knocked on the front door and Mr. Garrison answered. There was a strong odor of marijuana coming from the apartment.

19. Mr. Garrison advised that he lived at the apartment with his 10-year-old child and his girlfriend, Susan Dove.

20. ATF Special Agent Allred explained to Mr. Garrison that the firearms he recently purchased at P&A should not have been sold to him.

21. ATF Special Agent Allred asked Mr. Garrison if he was still in possession of the firearms, and Mr. Garrison stated, "they are in my gun safe."

22. With Mr. Garrison's consent, ATF Special Agent Allred walked with Mr. Garrison to retrieve the firearms.

23. Mr. Garrison led the agents into his bedroom where the gun safe was located. Mr. Garrison inputted the code to the safe and unlocked it.

24. There were eight firearms and ammunition in the safe, including the Defendant Firearms and Ammunition at issue in this action. More specifically, the safe contained the following firearms and ammunition: a Smith & Wesson M&P 57 5.7x28 mm pistol, a SCCY CPX-1 9mm pistol, a Beretta PX4 Storm 9mm pistol, a Ruger 10/22 .22 caliber refile, a Palmetto State Armory PA-15 rifle, an FN Herstal PS90 5.7x28 rifle, a Remington 1100 12 gauge shotgun, an Aero Precision x15 receiver, approximately 460 rounds of ammunition, and thirteen firearm magazines that contained ammunition.

25. ATF Special Agent Allred explained to Mr. Garrison that records confirmed that he had been adjudicated as a mental defective and therefore was not allowed to be in the possession of any firearms or ammunition.

26. Mr. Garrison acknowledged that he had been put into a mental hospital on two previous occasions. Mr. Garrison also stated to the ATF agents that he smokes marijuana daily.

27. While ATF inventoried the firearms, Mr. Garrison walked outside and spoke to his girlfriend Ms. Dove by telephone. Mr. Garrison indicated to the ATF agents that some of the firearms belonged to Ms. Dove.

28. ATF Special Agent Jason Brown spoke to Ms. Dove by telephone and asked her which firearms belonged to her. Ms. Dove was unable to tell him.

29. Ms. Dove could not name, describe, or provide any information regarding the firearms that purportedly belonged to her.

30. Instead, Ms. Dove told ATF Special Agent Jason Brown to ask Mr. Garrison which firearms were hers.

31. ATF seized all of the firearms and ammunition from Mr. Garrison's safe.

## ADMINISTRATIVE FORFEITURE

32. ATF timely initiated an administrative forfeiture action against the firearms and ammunition that were seized from Mr. Garrison, including the Defendant Firearms and Ammunition.

33. On July 11, 2023, ATF received a claim from Ms. Dove, in which she claimed to be the owner of the SCCY CPX-1 9mm pistol, the Beretta PX4 Storm 9mm pistol, the FN Herstal PS90 5.7x28 mm rifle, and the 460 rounds of assorted ammunition.

34. The United States now files this Complaint in response to Ms. Dove's claim.

7

35. The following persons may have or claim an interest in the Defendant Firearms and Ammunition:

Susan Dove

███████████

Kenneth Garrison

███████████

## CONCLUSION

36. By virtue of the foregoing, all right, title, and interest in the Defendant Firearms and Ammunition are vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and have become and are forfeitable to the United States of America.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant Firearms and Ammunition be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the Defendant Firearms and Ammunition to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Defendant Firearms and Ammunition as required by 28 U.S.C. § 1921.

Respectfully submitted this 6th day of October, 2023.

DENA J. KING
UNITED STATES ATTORNEY

**s/ Jonathan D. Letzring**
JONATHAN D. LETZRING
Assistant United States Attorney
Georgia Bar No. 141651
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Telephone No. (828) 271-4661
Jonathan.letzring@usdoj.gov

9

## VERIFICATION

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and one of the agents assigned to this case. Pursuant to 28 U.S.C. § 1746, I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of knowledge, information, and belief.

Date: __10/05/2023_____

_____
Kevin Allred
Special Agent

Digitally signed by KEVIN ALLRED
Date: 2023.10.05 10:38:39 -04'00'