IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00283-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ONE SCCY CPX-1 PISTOL seized ) <br> from Kenneth Garrison on or about ) <br> May 10, 2023, in Henderson County, ) <br> North Carolina; ONE BERETTA PX4 ) <br> STORM PISTOL seized from Kenneth ) <br> Garrison on or about May 10, 2023, ) <br> in Henderson County, North ) <br> Carolina; ONE FN PS90 RIFLE seized ) <br> from Kenneth Garrison on or about ) <br> May 10, 2023, in Henderson County, ) <br> North Carolina; and 460 ROUNDS OF ) <br> ASSORTED AMMUNITION seized on ) <br> or about May 10, 2023, in Henderson ) <br> County, North Carolina, ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER OF** <br> **DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Government's Motion for

Default Judgment of Forfeiture.  [Doc. 8].

By the present motion, the Government moves pursuant to Fed. R. Civ.

P. 55(b)(2) for a default judgment of forfeiture as to the SCCY CPX-1 9mm

pistol (bearing serial number 100420), the Beretta PX4 Storm 9mm pistol

(bearing serial number PX419051PB), the FN Herstal PS90 5.7x28 mm rifle (bearing serial number FN114064), and 460 rounds of assorted ammunition (collectively, "the Defendant Firearms and Ammunition") identified in the Government's Verified Complaint.

## FACTUAL BACKGROUND

The following is a recitation of the relevant, admitted facts.[1]

On May 9, 2023, Kenneth Garrison purchased a Palmetto State Armory model PA-15 receiver and a Smith and Wesson model M&P 57 5.7x28mm pistol from P&A Pawn and Gun ("P&A") in Hendersonville, North Carolina. [Doc. 1 at ¶ 9]. When Mr. Garrison made the purchase, he completed an ATF Form 4473. [Id. at ¶ 10]. P&A entered Mr. Garrison's information into the National Instant Criminal Background Check System ("NICS"). [Id. at ¶ 11].

Shortly after Mr. Garrison left the pawn shop, Special Agent Kevin Allred with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") received a phone call from P&A, which advised that NICS

---

[1] Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint [Doc. 1] are deemed admitted as true.

2

indicated that Mr. Garrison had been denied, even though P&A believed that NICS had originally found that Mr. Garrison could proceed with the purchase of the firearms. [Id. at ¶ 12].

ATF Special Agent Allred contacted NICS, which confirmed that the firearms transaction was denied because Mr. Garrison had previously been adjudicated as a mental defective. [Id. at ¶ 13]. Mr. Garrison was adjudicated as a mental defective on November 16, 2007, and again on November 29, 2016. [Id. at ¶ 14]. On the ATF Form 4473 that Mr. Garrison filled out, he answered "no" to the question asking him whether he had ever been adjudicated as a mental defective or been committed to a mental institution. [Id. at ¶ 15]. ATF Special Agent Allred conducted additional research and learned that Mr. Garrison also had two previous NICS denials, one in 2007, and another in 2014. [Id. at ¶ 16].

On May 10, 2023, three ATF agents and a Henderson County Sheriff's Deputy went to Mr. Garrison's apartment to inquire about the firearms. [Id. at ¶ 17]. ATF Special Agent Allred knocked on the front door and Mr. Garrison answered. [Id. at ¶ 18]. There was a strong odor of marijuana coming from the apartment. [Id.]. Mr. Garrison

advised that he lived at the apartment with his 10-year-old child and his girlfriend, Susan Dove. [Id. at ¶ 19].

ATF Special Agent Allred explained to Mr. Garrison that the firearms he recently purchased at P&A should not have been sold to him. [Id. at ¶ 20]. ATF Special Agent Allred asked Mr. Garrison if he was still in possession of the firearms, and Mr. Garrison stated, "they are in my gun safe." [Id. at ¶ 21]. With Mr. Garrison's consent, ATF Special Agent Allred walked with Mr. Garrison to retrieve the firearms. [Id. at ¶ 22].

Mr. Garrison led the agents into his bedroom where the gun safe was located. Mr. Garrison inputted the code to the safe and unlocked it. [Id. at ¶ 23]. There were eight firearms and ammunition in the safe, including the Defendant Firearms and Ammunition at issue in this action. [Id. at ¶ 24]. More specifically, the safe contained the following firearms and ammunition: a Smith & Wesson M&P 57 5.7x28 mm pistol, a SCCY CPX-1 9mm pistol, a Beretta PX4 Storm 9mm pistol, a Ruger 10/22 .22 caliber rifle, a Palmetto State Armory PA-15 rifle, an FN Herstal PS90 5.7x28 rifle, a Remington 1100 12 gauge shotgun, an Aero Precision x15 receiver, approximately 460 rounds of ammunition, and thirteen firearm magazines that contained ammunition. [Id.].

ATF Special Agent Allred explained to Mr. Garrison that records confirmed that he had been adjudicated as a mental defective and therefore was not allowed to be in the possession of any firearms or ammunition. [Id. at ¶ 25]. Mr. Garrison acknowledged that he had been put into a mental hospital on two previous occasions. [Id. at ¶ 26]. Mr. Garrison also stated to the ATF agents that he smokes marijuana daily. [Id.].

While ATF inventoried the firearms, Mr. Garrison walked outside and spoke to Ms. Dove by telephone. [Id. ¶ 27]. Mr. Garrison indicated to the ATF agents that some of the firearms belonged to Ms. Dove. [Id.].

ATF Special Agent Jason Brown spoke to Ms. Dove by telephone and asked her which firearms belonged to her. [Id. at ¶ 28]. Ms. Dove was unable to tell him. [Id.]. Ms. Dove could not name, describe, or provide any information regarding the firearms that purportedly belonged to her. [Id. at ¶ 29]. Instead, Ms. Dove told ATF Special Agent Jason Brown to ask Mr. Garrison which firearms were hers. [Id. at ¶ 30]. ATF seized all of the firearms and ammunition from Mr. Garrison's safe. [Id. at ¶ 31].

## PROCEDURAL BACKGROUND

ATF timely initiated an administrative forfeiture action against the firearms and ammunition that were seized from Mr. Garrison, including the Defendant Firearms and Ammunition. [Id. at ¶ 32]. On July 11, 2023, ATF received a claim from Ms. Dove, in which she claimed to be the owner of the SCCY CPX-1 9mm pistol, the Beretta PX4 Storm 9mm pistol, the FN Herstal PS90 5.7x28 mm rifle, and the 460 rounds of assorted ammunition. [Id. at ¶ 33].

On October 6, 2023, the Government filed a Verified Complaint for Forfeiture In Rem, alleging that the Defendant Firearms and Ammunition seized from Mr. Garrison on or about May 10, 2023, are subject to civil forfeiture under 18 U.S.C. § 924(d)(1). [Doc. 1]. On October 11, 2023, the Clerk issued a Warrant of Arrest In Rem for the Defendant Firearms and Ammunition. [Doc. 2].

After the Government filed its Complaint and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on October 17, 2023, the Government mailed notice and a copy of the Complaint to Mr. Garrison and Ms. Dove. [Doc. 4]. Additionally, in accordance with Supplemental Rule

G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Firearms and Ammunition by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on December 20, 2023. [Id.].

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no individual or entity has made a timely claim to the Defendant Firearms or Ammunition. On March 6, 2024, the Government filed a motion for entry of default. [Doc. 6]. On March 7, 2024, the Clerk entered default. [Doc. 7].

## DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may obtain forfeiture of a firearm that was knowingly possessed by an unlawful user of a controlled substance and/or was knowingly possessed by

7

a person who has been adjudicated as mental defective or who has been committed to a mental institution. See 18 U.S.C. § 924(d)(1); 18 U.S.C. § 922(g)(3) and (g)(4).

Based upon the allegations of the Government's Verified Complaint, which are deemed admitted as true, the Court finds and concludes that the Government has satisfied its burden of showing that the Defendant Firearms and Ammunition are subject to forfeiture under 18 U.S.C. § 924(d)(1). Additionally, the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Firearms or Ammunition. Accordingly, after careful review, the Court concludes that the entry of a default judgment is appropriate.

## JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture [Doc. 8] is hereby **GRANTED**, and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Firearms and Ammunition identified in the Government's Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Firearms and Ammunition are hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Bureau of Alcohol, Tobacco, Firearms and Explosives is hereby directed to dispose of the Defendant Firearms and Ammunition as provided by law.

**IT IS SO ORDERED**.

Signed: March 18, 2024

Martin Reidinger
Chief United States District Judge